Jeimy GEBIN, Vicente Crisologo, Christina Robertson, Lay Kheng, Erlinda Valencia, et al., Plaintiffs,

v.

Norman Y. MINETA, in his official capcaity as Secretay of the United States Department of Transportation; et al., Defendants.

No. CV02–0493–RMT.

United States District Court,
C.D. California,
Western Division.

Nov. 15, 2002.

Antonia Hernandez, Hector O. Villagra, Belinda Anne Escobosa, Mexican American Legal Defense & Education Fund, Los Angeles, CA, Alan L. Schlosser, Jayashri Srikantiah, ACLU Foundation of Northern California, San Francisco, CA, Benjamin E. Wizner, ACLU Foundation of Southern California, Los Angeles, CA, Philip Hwang, Layers' Committee for Civil Rights of the San Francisco Bay, San Francisco, CA, Robert Rubin, San Francisco Lawyers Committee For Civil Rights, San Francisco, CA, Julie A. Su, Asian Pacific American Legal Center of Southern California, Los Angeles, CA, Erwin Chemerinsky, USC Law School, Los Angeles, CA, Judith A. Scott, Orrin Baird, Service Employees International Union, Washington, DC, Steven R. Shapiro, American Civil Liberties Union Foundation New York City, Lucas Guttentag, American Civil Liberties Union Foundation, Oakland, CA, Jordan Charles Budd, ACLU Foundation of San Diego, San Diego, CA, Rodel E. Rodis, National Federation of Filipino American Associations, San Francisco, CA, Vincent A. Eng, National Asian Pacific American Legal Consortium, Washington, DC, Mark D. Rosenbaum, American Civil Liberties Union of Southern California, Los Angeles, CA, for Plaintiffs.

Roger E. West, Asst. U.S. Atty., Office of U.S. Attorney Civil Division, Los Angeles, CA, for Defendants.

## ORDER GRANTING PRELIMINARY INJUNCTION

TAKASUGI, Senior District Judge.

This matter having come before the court for hearing on November 15, 2002 on the motion by plaintiffs for preliminary injunction barring enforcement of the citi-

zenship requirement in the Aviation Transportation and Security Act ("ATSA") pending the outcome of this litigation, and the court having considered the pleadings and other papers filed herein and the argument of counsel, the court finds as follows:

 Traditionally, the criteria considered in determining whether to grant a preliminary injunction are:

(1) the likelihood of the moving party's success on the merits;

(2) the possibility of irreparable injury to the moving party if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by granting the preliminary relief. The moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.

*Miller v. California Pacific Medical Center,* 19 F.3d 449, 456 (9th Cir.1994) (en banc) (citations omitted).

In denying defendants' motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6), this court has addressed the merits of plaintiffs' claim and has held that plaintiffs' constitutional challenge to the citizenship requirement for employment as airport security screeners states a claim upon which relief could be granted, in that defendants have not established that the exclusion of all non-citizens is the least restrictive means to further the governmental interest in improving aviation security. Plaintiffs have, therefore, sufficiently alleged a constitutional deprivation to warrant a finding of irreparable harm. *Goldie's Bookstore v. Superior Court,* 739 F.2d 466, 472 (9th Cir.1984); *Associated General Contractors of California, Inc. v. Coalition for Economic Equity,* 950 F.2d 1401, 1412 (9th Cir.1991). Preliminarily enjoining the enforcement of the citizenship requirement will maintain the status quo pending a determination of its constitutionality and would merely delay the implementation of a new statute, while the denial of a preliminary injunction will result in the termination of plaintiffs' employment. As such, it is clear that the balance of hardships tips decidedly in plaintiffs' favor. Moreover, because the termination of plaintiffs' employment could constitute a constitutional deprivation, the public interest will be advanced by granting the preliminary relief.

Accordingly,

IT IS ORDERED that, pending trial on the merits herein, defendants are preliminarily enjoined from enforcing the citizenship requirement contained in Section 111 of the Aviation Transportation and Security Act.

IT IS FURTHER ORDERED that this preliminary injunction shall become effective immediately as defendants have, during the hearing hereon, waived the necessity of posting of a bond.

IT IS FURTHER ORDERED that the oral request of defendants for a stay of this preliminary injunction pending appeal is hereby denied.